THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 09-cv-00148-DS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER OF SALE** |
| ROGER B. FELT, an individual; | ) | |
| LOIS G. FELT, an individual; | ) | |
| ROGER B. FELT and LOIS G. FELT, | ) | |
| as TRUSTEES of "ROGER B. FELT | ) | |
| AND LOIS GERALDINE C. FELT | ) | |
| TRUST"; UTAH STATE TAX | ) | |
| COMMISSION | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The United States filed the instant suit to reduce to judgment federal income tax

assessments made against Roger Felt for the 1996-2001 tax years and to foreclose the related

federal tax liens against Mr. Felt upon the real property located at 599 W. Gentile Street, Layton,

Utah 84101 ("Layton property"), which is a single family residence occupied by Mr. Felt and his

wife, Lois Felt ("Defendants").

Defendant failed to respond to the United States' Interrogatories, Requests for

Production, or Requests for Admission, nor did Mr. and Mrs. Felt appear for their scheduled

depositions.

On November 17, 2010, the United States filed its motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant's burden is met by producing evidence which, if uncontroverted, would entitle the movant to judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

The United States met its initial burden by producing evidence which entitles it to judgment as a matter of law. The United States submitted the Certificates of Assessments, Payments, and Other Specified Matters for Roger B. Felt ("Certificates of Assessments") for 1996-2001 tax years. Courts have repeatedly held that Certificate of Assessments constitute presumptive proof of a valid assessment in absence of contrary evidence in a motion for summary judgment. *See, e.g., Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992); *United States v. Dixon*, 672 F.Supp. 503 (M.D. Ala. 1987), aff'd 849 F.2d 1478 (11th Cir. 1988). The United States also submitted the United States' Requests for Admissions directed to Roger Felt, which were deemed admitted for failure to respond pursuant to Fed. R. Civ. P. 36(a). These admissions also provide a more than adequate basis for finding that Roger Felt was properly assessed and indebted to the United States in the amount of those assessments. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *United States v. Palmer*, 2009 WL 1683172 *3 (W.D. Wash. 2009). Finally, the United States submitted the Declaration of Collection Technical Services Advisor Jennifer Graham, with an attached interest computation table

generated by the IRS's INST-D computer program, which demonstrated that the outstanding balance of the assessments against Mr. Felt for the 1996-2001 tax years, due as of November 10, 2010, is $818,073.48.

The United States also submitted evidence that Mr. Felt had admitted that Defendants were the true owners of the Layton property and that the Felt Trust held title merely as a nominee, as Defendants' transfer of the Layton property to the Felt Trust was for inadequate consideration, Defendants resided at the Layton property without paying rent to the Felt Trust, Defendants exercised dominion and control over the Layton property and paid all bills association with the Layton property, and enjoy the full benefits of the Layton property without any interference from the Felt Trust. *See* United States' Motion for Summary Judgment, Exhibit 14 attached to the Declaration of Landon Yost; *see also* Roger Felt's Answer to the Complaint, Docket # 14, ¶ 34.

As argued in the United States' Motion for Summary Judgment, the above facts entitle the United States to judgment as a matter of law. Accordingly, the burden then shifted to Defendants to set forth specific facts demonstrating that there is a genuine issue for trial.

Defendants, however, set forth no specific facts to controvert the United States's facts. Nor did Defendants set forth any other facts which would create a genuine issue for trial.

Defendants' claim that Mr. Felt is not an individual or person as defined by the Internal Revenue Code, and is therefore not subject to federal income tax, is meritless. Arguments that an individual is not a "person" within the meaning of the Internal Revenue Code have been uniformly rejected as frivolous and meritless. *See, e.g.*, *United States v. Dawes*, 874 F.2d 746, 750-51 (10th Cir. 1989), overruled on other grounds, 895 F.2d 1577 (10th Cir1990).

Similarly, defendants' argument that this case should be involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b) because Plaintiff's attorneys "knew or should have known that a civil action such as a lien foreclosure suit is an *in rem* action in admiralty" which is exclusively a matter of admiralty jurisdiction requiring a "verified" complaint is equally lacking in merit. This action is not a matter of admiralty jurisdiction. The United States properly alleged that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403. *See United States v. Dawes*, 161 Fed. Appx. 742, 745 (10th Cir. 2005) (dismissing as frivolous defendants' assertions that the court lacked subject matter jurisdiction over a suit involving the foreclosure of federal tax liens and noting that the United States had "properly alleg[ed] jurisdiction in its complaint under 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345").

Finally, defendants' argument  that the "United States" is the real party of interest under Fed. R. Civ. P. 17(a), and that the "entity 'United States of America' has not been shown to be a proper party to represent the interests of the United States," Response in Opposition, p. 3, fn. 1., is frivolous. *Dawes*, 161 Fed. Appx. At 745-46 (finding that the argument that the "'United States' and 'United States of America' are not synonymous" was "legally frivolous"and did "not merit further comment").

Accordingly, Defendants have failed to meet their burden to demonstrate that there is a genuine issue for trial, and the United States' Motion for Summary Judgment is hereby granted.

It is hereby ORDERED AND ADJUDGED that judgment is entered in favor of the United States and against Roger B. Felt in the amount of $818,073.48 for the unpaid balance of 1040 federal income taxes for the tax years 1996-2001, as of November 10, 2010, plus further

accrued penalties and interest accruing after November 10, 2010, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until paid.

IT IS FURTHER ORDERED that the United States' tax liens against Roger B. Felt for the years 1996-2001 attached to the parcel of real property located at 599 West Gentile Street, Layton, Utah 84041, and more particularly described as follows:

> Beginning at a point on the Section Line 186.0 feet East of the Northwest corner of the Northeast quarter of Section 29, Township 4 North, Range 1 West, Salt Lake Base and Meridian; running thence East 144.0 feet; thence South 313.0 feet; thence West 144.0 feet; thence North 313.0 feet to the point of beginning.

(hereinafter the "Property") are foreclosed.

IT IS FURTHER ORDERED as follows:

1. The United States Marshal for the District of Utah, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

a. the sale of the Property shall be free and clear of the interests of: defendants

Roger B. Felt, Lois G. Felt, Roger B. Felt and Lois Geraldine C. Felt Trust, and Utah State Tax Commission.

b. the sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. the date and time for sale are to be announced by the United States Marshal or the PALS;

e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Davis County, Utah, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g. the successful bidder(s) shall be required to deposit at the time of the same with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the District of Utah.

Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the District of Utah". If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Roger B. Felt at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i. the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l. on confirmation of the sale, the recorder of deeds for Davis County, Utah shall

cause transfer of the property to be reflected upon that county's register of title; and

m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the property is sold, Roger B. Felt and Lois G. Felt shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the property, including Roger B. Felt, Lois G. Felt, and any relatives, shall leave and vacate the property permanently within 10 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, including the use of reasonable force, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from

the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Property prior to sale;

2. To all taxes unpaid and matured that are owed to Davis County for real property taxes on the property;

3. To Lois G. Felt, for her one-half interest in the remaining proceeds.

4. To Utah State Tax Commission. according to their stipulation as to the priority of their claims;

5. To the federal income tax liabilities of Roger B. Felt, plus all interest and penalties due and owing thereon;

6. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2011.

David Sam
Senior Judge
United States District Court

-